# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KATINA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1165 CAS |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is an action by pro se plaintiff Katina Lewis against her former employer, the City of St. Louis ("City"), and two individual defendants under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA"). The complaint alleges that the City rehired plaintiff as a Clerk I in February 2012, was aware that plaintiff has mental disabilities including bipolar disorder and major depression, subjected plaintiff to harassment and retaliation by her supervisors beginning in September 2012, and ultimately terminated her employment in November 2012.

This case is before the Court on the defendants' motions to dismiss for failure to state a claim. The individual defendants, Catrina Brimer and Catherine Ruggeri-Rea, have filed separate motions to dismiss plaintiff's complaint on the basis that individuals cannot be liable under the ADA as a matter of law. The City's motion to dismiss argues that plaintiff's complaint fails to comply with Rule 8(d)(1) of the Federal Rules of Civil Procedure, fails to plead enough facts to state a claim of disability discrimination under the ADA, and fails to plead facts to state a claim for ADA retaliation discrimination. Plaintiff has not filed a response to any of the motions to dismiss and the time to do so has passed. For the following reasons, defendants Brimer and Ruggeri-Rea's motions

to dismiss should be granted. The City's motion to dismiss should also be granted, but plaintiff will be granted leave to file an amended complaint against the City.

**I. Dismissal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, but this principle does not apply to legal conclusions. Iqbal, 556 U.S. at 678. Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. The Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**II. Discussion**.

    A. Claims Against Individual Defendants

Defendants Brimer and Ruggeri-Rea move to dismiss plaintiff's claims against them on the basis that they cannot be liable under the ADA. Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111. The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C.

§ 12111(5)(A). Plaintiff seeks to impose liability on defendants Brimer (her supervisor) and Ruggeri-Rea (the court administrator). These defendants move to dismiss, asserting that this Court has held that supervisors, coworkers and managers are not individually liable under the ADA, citing Donnelly v. St. John's Mercy Medical Center, 2008 WL 2699859, at *3 (E.D. Mo. June 30, 2008).

The Eighth Circuit has not ruled on whether individual liability exists under the ADA. In Alsbrook v. City of Maumelle, the Eighth Circuit held that Title II of the ADA does not permit individual liability, and then observed that with respect to Title I (the Title at issue here), that three other federal Circuit Courts of Appeal "have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." Alsbrook, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). This Court has repeatedly held that individuals are not liable under the ADA. See, e.g., Wilson v. Duckett Truck Center, 2013 WL 384717, at *2 (E.D. Mo. Jan. 31, 2013); Unterreiner v. US Bank, 2012 WL 5258828, at *4 (E.D. Mo. Oct. 23, 2012); Ebersole v. Novo Nordisk, Inc., 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); McCann v. New World Pasta Co., 2010 WL 4180717, at *2 (E.D. Mo., Oct. 20, 2010); Donnelly, 2008 WL 2699859, at **2-3 (E.D. Mo. June 30, 2008); Stevenson v. Best Buy Corp., 2005 WL 3434770, at *3 (E.D. Mo. Dec. 14, 2005).

The individual defendants' motions to dismiss should therefore be granted and plaintiff's ADA claims against them will be dismissed.

B. Claims Against the City

The City moves to dismiss plaintiff's complaint against it on the following grounds: (1) The complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure because it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and violates Rule 8(d)(1)'s requirement that each averment in a complaint be "simple, concise, and

direct"; (2) the complaint fails to state a claim of ADA disability discrimination; and (3) the complaint fails to state a claim of ADA retaliation discrimination. The Court will address these arguments separately.

*1. Rule 8 and Pleading Deficiency*

Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct. The twenty-three page complaint in this case consists of the Court's employment discrimination complaint form supplemented by sixteen pages of factual detail, including a five-page "synopsis" that appears to reiterate, but is not identical to, the detailed facts alleged in the previous eleven pages. The complaint also includes repeated references to documents that are not attached as exhibits.

Plaintiff Lewis, as a pro se litigant, is not excused from complying with procedural rules, see Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986), including Rule 8 of the Federal Rules. The primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. The complaint must be sufficiently clear so the Court or opposing party is not required to keep sifting through it in search of what it is that plaintiff asserts. See Cody v. Loen, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citing Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994)).

Plaintiff's complaint will be dismissed for failure to comply with Rule 8, but she will be granted leave to file an amended complaint that complies with Rule 8. The Court on its own motion revisits and will grant plaintiff's motion for appointment of counsel by separate order.

*2. ADA Claims*

The City also moves to dismiss plaintiff's complaint on the merits, arguing that it fails to state a claim of disability discrimination because plaintiff failed to plead any facts showing that (1) she has a disability as defined by the ADA, (2) she is a "qualified individual" under the ADA, and (3) any adverse employment action she suffered was as a result of any alleged disability. The City also argues the complaint fails to state a claim of ADA retaliation discrimination because plaintiff has not shown that (1) she engaged in activity protected by the statute, (2) she suffered an adverse employment action, and (3) there was a causal connection between the adverse employment action and the protected activity.

The Court does not address these arguments because the complaint as currently pleaded should be dismissed. The Court notes, however, that while the motion to dismiss correctly states the elements of the prima facie cases of ADA disability and retaliation discrimination, the City's arguments in support of dismissal are conclusory and fail to include any meaningful legal analysis explaining how plaintiff's complaint fails to state a claim. Any future dispositive motion should be supported by appropriate legal analysis and citation to illustrative cases.

**III. Conclusion**

For the foregoing reasons, plaintiff's ADA claims against individual defendants Catrina Brimer and Catherine Ruggeri-Rea should be dismissed with prejudice. Plaintiff's ADA claims against the City of St. Louis should be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff will be granted leave to file an amended complaint through appointed counsel.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Ruggeri-Rea's motion to dismiss is **GRANTED**. [Doc. 14]

**IT IS FURTHER ORDERED** that defendant Brimer's motion to dismiss is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that defendant City of St. Louis's motion to dismiss is **GRANTED**. [Doc. 15]

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint against the City of St. Louis, through appointed counsel, within thirty (30) days of appointed counsel's receipt of a copy of the Court file.

An appropriate order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of January, 2014.